

Danielle P. Light, Esq.

450 Seventh Ave, Suite 1408
New York, NY 10123
T. 212.643.6677
F. 347.491.4048
dlight@hasbanilight.com

March 26, 2020

**VIA ECF**

Judge Brian M. Cogan
United States District Court
Eastern District of New York
 225 Cadman Plaza East
Brooklyn, NY 11201

      **RE:**   *Case Name:   Windward Bora LLC v. Mir et al*
              *Case Number:1:20-cv-00674-BMC*
              *Response to Order to Show Cause*

Dear Judge Cogan:

We are counsel for Plaintiff, Windward Bora, LLC.  We write in response to Your Honor's Order to Show Cause issued on March 19, 2020 seeking Plaintiff's explanation as to why monetary or other sanctions, including dismissal, should not be imposed by its failure to comply with this Court's scheduling order.

Rule 16(f) ("Sanctions") provides that a court may issue an order imposing sanctions under Rule 37, "if a party or its attorney" "fails to appear at a scheduling or pretrial conference." Lopa v Safeguard Properties Mgt., LLC, 14-CV-3193-AMD-SJB, 2018 WL 3104456, at *5 [EDNY May 16, 2018], report and recommendation adopted, 14-CV-3324(KAM)(SJB), 2018 WL 3019875 [EDNY June 18, 2018], and report and recommendation adopted, 14CV3193AMDSJB, 2018 WL 3094940 [EDNY June 22, 2018].  (Internal citations omitted). *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders.").

We believe it would be unjust to sanction the undersigned or Windward Bora, LLC for missing the initial status conference scheduled on March 19, 2020.  As a first point, Your Honor, I would like to personally apologize for missing the Court appearance scheduled for March 19, 2020.

Second, on March 9, 2020, this Court issued an Administrative Order No 2020-05 that restricted people from entering any courthouse in the Eastern District of New York who had been in close contact with people who had traveled to Italy within the last 14 days of the Administrative Order. As a result of this Administrative Order, I was restricted from entering the courthouse because I was in close contact with my uncle who had been in Milan within the relevant time period. Therefore, I should have requested an adjournment or permission to appear by telephone for the conference.

However, the request to adjourn or appear by telephone became completely overshadowed by the updates we were receiving from my sons' pre-school, SAM, which notified us on March 11, 2020 that school would be closed on March 12 and March 13 because of the outbreak of COVID-19 in our community. Homeschooling immediately began on March 13, 2020 for my four and five-year old sons. On the same date, March 13, 2020, my firm chose to shut down as a precaution and to keep everyone home to avoid potential exposure to the virus. On March 16, 2020, my sons' pre-school, SAM, notified parents that because of COVID-19 it would not be resuming classes until at least April 20, 2020.

On the same date, March 16, 2020, we began receiving notices of court closures from the Supreme Court for the State of New York and our office continued to stay apprised of the updates from that Court. By March 19, 2020, we had moved to my mother-in-law's home to quarantine and in order to homeschool my sons' in an environment that we believed is more conducive for learning and safer from remaining in our Manhattan apartment because of COVID-19 outbreaks.

In light of the foregoing, this appearance which was scheduled for March 19, 2020 was inadvertently missed. Similarly, the deadlines imposed by the scheduling order were missed for the same reasons.

In terms of the proof of service, the summons for the amended complaint was issued on March 17, 2020 (Document Number 11). The amended complaint and related documents are with a service company that our firm retains for this purpose.

It would be unjust for this Court to issue a sanction that would ultimately affect our client based on the events that caused the failure to appear on March 19, 2020. This failure to appear was the undersigned's fault.

We respectfully request that the Court schedule a telephonic initial status conference for a date after April 20, 2020.

We thank the court for its time and attention to this matter. Please do not hesitate to contact us with any questions.

        Respectfully,

        */s/ Danielle P. Light*